(48 Misc. Rep. 659)

### CASEY v. WHITE.

(Supreme Court, Appellate Term. November 24, 1905.)

PROCESS—SERVICE—STATUTES.

    Municipal Court Act, Laws 1902, p. 1500, c. 580, § 32, provides for the service of summons on a defendant "residing within the city," on satisfactory proof by affidavit and return of a marshal that diligent effort has been made to serve the summons on defendant and that the place of his sojourn cannot be found, or, if he is within the city, that he avoids service, etc. *Held*, that such section did not authorize substituted service on affidavits asserting that defendant resided out of the city in Westchester county, but maintained a business office in the city, and that plaintiff was informed and believes that the defendant is in the state and avoids service.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by George A. Casey against Charles H. White. From a

Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Arthur Furber, for appellant.

Flemming & Flemming, for respondent.

PER CURIAM. The defendant appeals from a judgment entered upon substituted service of a summons issued upon professed observance of sections 32 and 33 of the municipal court act (Laws 1902, p. 1500, c. 580), upon affidavits asserting that "defendant resides out of the city of New York, to wit, at Larchmont, county of Westchester"; that defendant "maintains an office for the transaction of business at 51 Liberty street, in the city of New York, and conducts business under the name of Charles White & Co."; that, although one of the plaintiff's attorneys "is informed and believes that said defendant is in the state, he avoids service thereof"; and a statement of a city marshal that he after due and diligent search was unable to find the defendant, with an affidavit of one Bernstein to the like conclusion. These are not sufficient to warrant the issue of the summons as the basis of the judgment.

Judgment reversed, with costs, and complaint dismissed.